IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| LOIS IRENE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:07-cv-277 |
| PLATEAU MENTAL HEALTH CENTER | ) V/G |
| and | ) |
| PLATEAU MENTAL HEALTH CENTER DISABILITY PLAN | ) |
| and | ) |
| EVELYN O. MOORE, PLAN ADMINISTRATOR AND SPONSOR | ) |
| and | ) |
| PHOENIX AMERICAN LIFE INSURANCE COMPANY | ) |
| Defendants. | ) |

**COMPLAINT**

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* [hereinafter "ERISA"]. This Court has jurisdiction over the within subject matter pursuant to 29 U.S.C. § 1132(e).

2. The Plaintiff resides at 969 Turkey Blind Road, Crossville, Cumberland County, Tennessee 38572 and is a qualified participant of the Plateau Mental Health Center Disability Benefits Plan [hereinafter "Plan"], within the meaning of 29 U.S.C. §1002(7) of ERISA.

3. Defendant Plateau Mental Health Center Disability Plan [hereinafter "Plan"] is a qualified Employees Pension, Disability, or Retirement Plan under § 401 of the Internal Revenue Code of 1954, as amended, and an Employee Pension Plan within the meaning of 29 U.S.C. § 1002(2)(a) and §1002(35) and was adopted the effective date of April 1, 2000. Defendant Plan may be served through its Administrator and/or Sponsor, Defendant Moore.

4. Defendant Evelyn O. Moore, upon information and belief, is the Administrator and/or Sponsor of the Defendant Plan. She has address for service of process of 413 Spring Street, Chattanooga, Tennessee 37405

5. Defendant Plateau Mental Health Center [hereinafter "Employer"] may be served through registered agent for service of process, Chris E. Wyre, 413 Spring Street, Chattanooga, Tennessee 37405.

6. Defendant Phoenix American Life Insurance Company [hereinafter "Phoenix"] is an insurance company authorized to do business in the state of Tennessee and may be served through the Commissioner of Insurance. Upon information and belief, Defendant Phoenix maintained, at all times pertinent hereto, a policy of disability insurance applicable to plaintiff and other eligible employees of Defendant Employer and further made payments of disability benefits pursuant to authorization of Defendant Plan and/or Defendant Moore

7. The Plaintiff was, prior to April 16, 2001, an employee of Defendant Plateau Mental Health Center. Plaintiff remained continuously employed under the terms of the Plan until April 16, 2001 when she fell and was injured while in the course and scope of her employment.

8. Plaintiff went on approved medical leave from approximately April 16, 2001 through the present, and has not been medically released to return to work.

9. Subsequent to April 16, 2001, Plaintiff applied for short term disability benefits under the Defendant Plan based on injuries to her back and the reports of her treating doctors including but not limited to, Dr. George White of Chattanooga, Hamilton County, Tennessee. Plaintiff's application for short term disability benefits was approved and the Plaintiff thereafter received short term disability for twenty-four (24) months.

10. At the end of that time, Plaintiff properly applied for long term disability under the Plan. The Defendant denied the Plaintiff's application for long term disability. Her request for reconsideration was denied based (1) on the contentions that she did not utilize the Defendant's proper procedure necessary for a timely appeal of the determination and (2) upon the Defendant's position that the Plaintiff allegedly did not qualify for total disability pursuant to Defendants' policy. Plaintiff's last attempt at obtaining benefits was denied by the Defendants, through their authorized representative, by letter on or about June 29, 2006.

11. Benefits are due or are vested under the Plan. Plaintiff has complied with all conditions in order to receive the claimed long term disability retirement benefits.

12. Defendants, and each of them, erroneously, incorrectly and irrationally misinterpreted the definition of "total disability" as well as the term "any occupation," in light of the Plaintiff's limited education, limited training, and limited work experience.

13. Defendants, and each of them, arbitrarily and capriciously failed to consider evidence offered by the Plaintiff establishing her total and permanent disability and failed to provide for an impartial physical examination of the Plaintiff as required by the Plan.

14. Defendants, and each of them, arbitrarily and capriciously failed to provide Plaintiff for the opportunity for a full and fair review of her claim and further failed to provide the necessary information required for adequate notice, which failures were in violation of 29 U.S.C. § 1133.

15. Defendants, and each of them, improperly failed to consider important aspects of the Plaintiff's claim, had a lack of sufficient evidence to support the reasons given for the denial of Plaintiff's claim, and made evidentiary rulings that were prejudicial to Plaintiff's claim.

16. Defendants' decision in denying the Plaintiff benefits due under the terms of the Plan was arbitrary, capricious, not made in good faith, based on an improper conflict of interest on the Administrator/Sponsor's part, inconsistent with the determination of similar claims by other Plan beneficiaries or participants, irrational, unsupported by substantial evidence, erroneous as a matter of fact and as a matter of law and in violation of ERISA.

17. As a direct and proximate result of the actions of the Defendants, and each of them, Plaintiff has been caused to incur attorney fees in an amount currently not known to the Plaintiff.

18. As a further direct and proximate result of the above Defendants' actions, Plaintiff has lost benefits in an amount not known in full by Plaintiff, but upon belief and information, such loss approximates the amount of benefits due under the terms of the Plan for each month since June 11, 2002 and/or thereafter, as well as the amount the Plaintiff will sustain each month until the benefits are paid in full.

WHEREFORE, Plaintiff requests the following relief against the Defendants:

A. An Order for Defendants to designate the Plaintiff as an eligible participant under the Plan and to pay the Plaintiff a monthly disability benefit in an amount to be determined from a date to be determined henceforth;

B. An order for Defendants to pay the Plaintiff all retirement and/or disability benefits accrued and unpaid to the date of this Judgment;

C. An Order awarding attorney fees and costs of this action to the Plaintiff; and

D. Such other and further relief as this Court may deem appropriate.

LOIS IRENE DAVIS

BY: _____
Norbert J. Slovis, BPR # 1057

_____
Douglas C. Weinstein, BPR # 15315

*Attorneys for Plaintiff*
SLOVIS, RUTHERFORD & WEINSTEIN, P.L.L.C.
8th Floor-Medical Arts Building
P. O. Box 1668
Knoxville, Tennessee 37901-1668
Telephone: (865) 544-0550
Fax: (865) 637-2372

Dated: July 20, 2007