UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LOIS IRENE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CV-277 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| PLATEAU MENTAL HEALTH CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 12]. The District Judge has referred to the undersigned a letter from the Plaintiff to the Court regarding representation, which has been docketed as Plaintiff's Motion for Appointment of Counsel [Doc. 10].

This case, which alleges various claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, ("ERISA"), was filed July 20, 2007. Following the death of his co-counsel on the case, Attorney Douglas Weinstein moved for leave to withdraw as counsel in this case. The Court granted the request to withdraw by an Order [Doc. 7], dated July 25, 2008. The Plaintiff filed a Notice of Intent to Proceed *Pro Se* [Doc. 8] on August 18, 2008, but in the almost two years that followed, there was no activity in this case. An Order to Show Cause [Doc. 9] was entered on May 19, 2010, and thereafter the Plaintiff mailed the instant letter to the Court. The Court now addresses the letter, to the extent it constitutes a request that an attorney be appointed to the Plaintiff, at no cost, because she cannot afford an attorney.

The law regarding appointment of counsel is well-established in this Circuit. The Court of Appeals for the Sixth Circuit summarized the law thoroughly in Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993), explaining:

> Appointment of counsel in a civil case is not a constitutional right. Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987); see also Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." Cookish v. Cunningham, 787 F.2d 1, 3 (1st Cir. 1986).

In this case, the Court finds that there are no "exceptional circumstances" that would warrant appointment of counsel. ERISA contemplates plaintiffs who may not be able to pay their attorneys regularly during litigation and allows for attorney's fees and cost shifting as part of a successful claim, in order to entice attorneys to take ERISA cases, see 29 U.S.C. § 1132(g). While the Plaintiff has been unsuccessful in obtaining counsel to replace her current counsel thus far, the Court is not convinced that this failure is an exceptional circumstance garnering appointment of counsel.

Based upon the foregoing, the Court finds that the Motion for Appointment of Counsel **[Doc. 10]** is not well-taken, and it will be **DENIED**.[1]

**IT IS SO ORDERED.**

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge

---

[1] Without any comment on the merits of this matter or the Plaintiff's financial condition, the Court would note that Legal Aid of East Tennessee (865.637.0484) may be able to evaluate whether pro bono legal services could be made available to the Plaintiff at little or no cost.