UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LOIS IRENE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:07-CV-277 |
| ) | (VARLAN/GUYTON) |
| PLATEAU MENTAL HEALTH CENTER, ) | |
| PLATEAU MENTAL HEALTH CENTER ) | |
| DISABILITY PLAN, EVELYN O. MOORE, ) | |
| Plan Administrator and Sponsor, and ) | |
| PHOENIX AMERICAN LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 20, 2007, counsel for plaintiff, Mr. Norbert J. Slovis of Slovis, Rutherford & Weinstein, P.L.L.C., filed the complaint in this case on behalf of plaintiff Lois Irene Davis [Doc. 1]. The complaint stated a claim for relief under ERISA [*Id.*, ¶¶ 3-18]. Mr. Slovis made no filings in this case other than the complaint. Mr. Slovis died on April 18, 2008 [Doc. 6]. Ms. Davis thereafter elected to discharge Slovis, Rutherford & Weinstein, P.L.L.C. from representing her; as a consequence, that firm filed a motion to withdraw from its representation of Ms. Davis on July 24, 2008 [*Id.*].

This Court granted the motion to withdraw on July 25, 2008 [Doc. 7]. Ms. Davis filed a notice with the Court on August 18, 2008, indicating that she still intended to pursue the case, and was "in the process of retaining a[n] attorney for this matter" [Doc. 8]. No filings

were made in the case for the next twenty-one months.[1] The Court entered an order on May 19, 2010 requiring Ms. Davis to show cause why this case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) [Doc. 9].

Apparently in response to the Court's May 19 order to show cause,[2] Ms. Davis sent a letter to the Court on June 2, 2010 explaining that, in the time since Slovis, Rutherford & Weinstein, P.L.L.C. withdrew from representing her, she had "tried to hire a lawyer," including one in Cookeville who "kept the file for about a year and decided that she could not take the case"; several in Nashville who decided that they could not take her case; and one in Knoxville who also decided that he could not take Ms. Davis's case [Doc. 10]. Ms. Davis further indicates that she is "totally disabled," is living on her social security disability benefits, and "can not hire anyone straight out" to represent her [*Id.*]. She thus "respectfully ask[s] the Court for guidance as [she] can not find an attorney to take this case and [is] totally disabled and ha[s] been for nine years," and also asks, "What are my options?" [*Id.*].

This Court interpreted Ms. Davis's response to the show cause order as a pro se motion seeking the appointment of counsel under 28 U.S.C. § 1915(e)(1), and referred Ms. Davis's response to the magistrate judge for resolution [*See* Doc. 12]. The magistrate judge

---

[1] The Court notes that while summonses were issued to all defendants in this case on July 20, 2007–during which time plaintiff was still represented by counsel, whose responsibility it was to effect service of process in this matter–those summonses were never returned executed to the Court.

[2] The docket report in this case indicates that the Court's show cause order was returned to the Court as "undeliverable" [*See* Doc. 11]. Yet it is apparent from Ms. Davis's June 2, 2010 letter to the Court that she did receive the Court's show cause order [*See* Doc. 10].

considered the motion, found no "exceptional circumstances" warranting the appointment of counsel, and denied the motion on July 13, 2010 [Doc. 13].

The Court is sympathetic to Ms. Davis's situation. Nevertheless, it is well settled that this Court retains the inherent power "to clear [its] calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* As the Sixth Circuit explained in *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal citations omitted):

> There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue [her] claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff.

In this case, the Court finds there to be a clear record of delay on the part of the plaintiff, as indicated by the timeline of events set forth at the beginning of this order. Dismissal of this case for failure to prosecute under Federal Rule of Civil Procedure 41(b) is therefore appropriate. Recognizing the policy favoring disposition of cases on their merits, however, the Court will enter this dismissal without prejudice to plaintiff to refile her claim at a later date. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The . . .

meaning of 'dismissal without prejudice' . . . is dismissal without barring the [plaintiff] from returning later, to the same court, with the same underlying claim.").

Accordingly, and pursuant to Federal Rule of Civil Procedure 41(b), this case will be **DISMISSED without prejudice to refile**. The Clerk is **DIRECTED** to close this case. The Clerk is also **DIRECTED** to send plaintiff a copy of this Order by standard, first class U.S. Mail, and by certified, return receipt requested, first class U.S. mail, at her last known address, being: 969 Turkey Blind Road, Crossville, TN 38572.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE